IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY KONECNY, *Plaintiff* | § § § § § § § § § | SA-23-CV-00054-XR |
| -vs- | | |
| EMANUEL ESPINOZA, AMANDA SALSAMEDA, *Defendants* | | |

### ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff's motion for remand (ECF No. 5), Defendant Home Depot U.S.A., Inc.'s response (ECF No. 9), and Plaintiff's reply (ECF No. 10). After careful consideration, Plaintiff's motion for remand is **DENIED.**

### BACKGROUND

On April 26, 2021, Plaintiff rented two ladders from Home Depot. ECF No. 1-3 at 2. While Plaintiff climbed one of the ladders on a job site, a rung collapsed. *Id.* at 3. Plaintiff fell to the ground and suffered serious injuries. *Id.* Plaintiff alleges that Defendants "failed to properly maintain and inspect the ladders, . . . failed to follow Home Depot's procedures and policies that required employees to place and maintain an inspection tag on the ladders, and failed to warn Plaintiff that [] one of the ladders was defective." *Id.* at 3–4. At the time Plaintiff rented the ladders, Emanuel Espinoza was the rental tool associate, and Amanda Salsameda was the Assistant Operational Manager of the Home Depot store.

Plaintiff filed suit on December 1, 2022 against Defendants Espinoza and Salsameda (the "Individual Defendants") in State District Court, Bexar County, Texas, where the cause was assigned to the 37th Judicial District. *Id.* at 1. Espinoza was served with process on December 16, 2022, and filed an answer in state court on January 9, 2023. ECF No. 1-4 at 8. Salsameda has not

been served. ECF No. 1-5. The state court entered an order on January 12, 2023 to serve Salsameda by substitute service. ECF No. 7-1.

The following day, Home Depot intervened in the state court case. ECF No. 1-9. Several hours later, Home Depot and Espinoza removed the case to this Court based on diversity jurisdiction. ECF No. 1. They assert that this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. *Id.* at 2. Although Plaintiff and the Individual Defendants appear to be citizens of Texas, ECF No. 1-3 ¶¶ 2–4, Home Depot—a citizen of Delaware and Georgia—contends that there is complete diversity because the non-diverse defendants, Espinoza and Salsameda, were improperly joined. ECF No. 1 at 2–5. Specifically, Home Depot asserts that the non-diverse Individual Defendants did not owe a duty to Plaintiff independent of their duty as employees of Home Depot. *Id.* at 3–4.

Plaintiff now moves to remand, arguing that, as an intervenor, Home Depot does not have a right to remove and that the Individual Defendants were properly joined to this action because they are independently liable for his injuries. ECF No. 7.

## DISCUSSION

### I.   Legal Standards

#### A.   Improper Joinder

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

B.       Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (quotation marks and citations omitted).

In a Rule 12(b)(6) analysis, all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.   Analysis**

   **A.   Home Depot's Right to Remove**

As a preliminary matter, Plaintiff suggests that because it sued only the two Texas residents in state court and Home Depot was not sued, but rather voluntarily intervened in the state court case, the voluntary-involuntary rule bars removal of this matter. ECF No. 5 at 2; ECF No. 10 at 1. The "voluntary-involuntary rule," which evolved from case law, provides that "a case that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff." *Ratcliff v. Fibreboard Corp.*, 819 F. Supp. 584, 586 (W.D. Tex. 1992) (citing *Weems v. Louis Dreyfuss Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)).

It is well established, however, that improper joinder is an exception to the voluntary-involuntary rule.[1] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019) ("When the non-diverse defendant was improperly joined, 'the voluntary-involuntary

---

[1] The improper joinder exception to the voluntary-involuntary rule explains why, despite the parties' repeated citations in their briefing, the Supreme Court's decision in *Home Depot U.S.A., Inc v. Jackson*, 139 S.Ct. 1743 (2019) is inapposite here. In *Jackson*, the Court held that a third-party counterclaim defendant is not a defendant within the meaning of the removal statute, explaining:

> Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action . . . of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim.

*Id.* at 1748. *Jackson*'s distinction between counterclaim defendants and defendants named in a plaintiff's complaint is clearly inapplicable here—the improper joinder analysis begins and ends with the question whether the defendants named in the complaint actually belong in the litigation.

5

rule is inapplicable.'") (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006)).

The parties dispute whether Home Depot had authority to remove the case under the federal removal statute, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." 28 U.S.C. § 1441. There is scant caselaw on this subject. Is an intervenor a defendant for removal purposes? If the intervenor is properly aligned as a defendant, most courts agree that an Intervenor may file a notice of removal. *See* 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 (4th online ed. 2014) (collecting cases).

Here, because Home Depot is vicariously liable for Espinoza and Salsameda's alleged actions taken in the course and scope of their employment, its interests are functionally aligned with those of the Individual Defendants. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

### B. Improper Joinder

Relying on the Texas Supreme Court's decision in *Leitch v. Horsby* and its progeny, Home Depot argues that Salsameda and Espinoza may only be held liable individually if they owed Plaintiff a duty of care independent of Home Depot's duty. *See* ECF No. 1 at 4 (citing *Leitch*, 935 S.W.2d at 117); ECF No. 8 at 6. Home Depot argues that the two individual employees owed no such duty to Plaintiff. Accordingly, Home Depot argues that the Court should disregard the Texas individual defendants as improperly joined.

In *Leitch*, the court held that an employer's corporate officers could not be held individually liable for their refusal to provide requested safety equipment because they did not owe a duty to the plaintiff separate and apart from the employer's duty to use ordinary care in providing a safe workplace. *Leitch*, 935 S.W.2d at 117. In contrast, the court noted that employees who operate

motor vehicles in the scope of their employment may be held individually liable "[b]ecause the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Id.* Thus, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.*

"Whether a duty exists 'is a question of law for the court and turns on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant.'" *Land*, 2014 WL 585408, at *4 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)). In the Fifth Circuit, employees who manage rental transactions in the scope of their employment generally do not owe an independent duty to protect customers from defects in the rental equipment. *See Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 315 (5th Cir. 2022) (affirming dismissal of customer agent responsible for the rental car transaction as improperly joined because "[a]ny duty [that she] had to protect the [plaintiffs] from a defect in an Enterprise vehicle flowed from being the company's agent"); *Nestor v. Penske Truck Leasing Co., L.P.*, No. P-14-CV-036, 2014 WL 12495300, at *4 (W.D. Tex. Aug. 13, 2014) (concluding that "employee that merely handled the rental of the Penske trucks for customers; . . . did not have any duties separate from those owed by Home Depot. As such, Plaintiff does not have any separate viable negligence claims against [the employee]."). Nonetheless, an employee may face individual liability where he "directs or participates in a tortious act during his employment" or "personally creates a dangerous situation that causes injury." *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi-Edinburg 2016, orig. proceeding).

Here, Plaintiff fails to plausibly allege that either Salsameda or Espinoza created the dangerous condition in the ladder that caused his injuries. ECF No. 1-3 at 3–4; ECF No. 5 at 4. Instead, he asserts:

> While in the course and scope of their employment with Home Depot, Defendants Amanda Salsameda, and Emanuel failed to warn Plaintiff that that one of the ladders was defective. Espinoza failed to properly maintain and inspect the ladders that were rented to Plaintiff, failed to follow Home Depot's procedures and policies that required employees to place and maintain an inspection tag on the ladders, and failed to warn Plaintiff that that one of the ladders was defective.

ECF No. 1-3 at 3–4. Plaintiff does not explain how these alleged facts, taken as true, could create an independent duty under Texas law. Without any factual support in the petition, Plaintiff's conclusory statement in his motion to remand that "Defendants Espinoza and Salsameda were affirmatively involved in the tortious acts that led to Plaintiff's injury," ECF No. 5 at 5, is insufficient under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678; *see also Phillips*, 401 F.3d at 642. Accordingly, this Court finds that there is no reasonable basis to predict that Plaintiff might recover against either Individual Defendant under Texas law. *See Smallwood*, 385 F.3d at 573. Plaintiff has thus failed to state a plausible claim against either Salsameda and Espinoza, and both must be dismissed as improperly joined. *See Guijarro* 39 F.4th at 315–16; *Smallwood*, 385 F.3d at 573.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand (ECF No. 5) is **DENIED**. The Court concludes that Defendants Salsameda and Espinoza are improperly joined. Accordingly, the Court will disregard their citizenship and exercise subject matter jurisdiction over the remaining defendant, Home Depot. All claims against Defendants Salsameda and Espinoza are hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 2nd day of March, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE